THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPEN COMMUNITIES, an Illinois Not-For-Profit Corporation AND ELIZABETH RICHARDSON,<br><br>Plaintiffs,<br>v.<br><br>HARBOR GROUP MANAGEMENT CO., LLC, HARBOR GROUP INTERNATIONAL, LLC, AZURE PARTNERS, LLC, PERQ HOLDINGS, LLC, PERQ SOFTWARE, LLC, PERQ MARKETING, LLC, AZURE NORTHGATE LLC AND SILVER NORTHGATE LLC,<br><br>Defendants. | Case No.: 23-cv-14070<br>Honorable Sara L. Ellis<br><br><br><br><br><br><br><br><br><br>Jury Trial Demandad |

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and among the Plaintiffs and Defendants (collectively referred to as "the Parties") for the purpose of fully and finally resolving this litigation.

1. Plaintiffs, Open Communities and Elizabeth Richardson (collectively referred to as "Plaintiffs") bring this action against Harbor Group Management Co., LLC ("HGMC"), Harbor Group International, LLC, ("HGI" and, along with HGMC, the "Harbor Group Defendants"), Azure Partners, LLC, Silver Northgate LLC, Azure Northgate LLC and PERQ Holdings, LLC, PERQ Software, LLC, and PERQ Marketing, LLC (together, the "PERQ Defendants") (collectively referred to as "the Defendants").

2. Plaintiffs allege that Defendants employed PERQ Artificial Intelligence automated systems to communicate a blanket "no Housing Choice Voucher/No Section 8 Policy" policy to

1

reject Internet rental applications from individuals like Richardson, who receive housing assistance payments and, who are predominantly African American. Plaintiffs allege that the Defendants acted in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C.3601 et. seq. (the "FHA") and the Illinois Human Rights Act, 735 ILCS § 5/1-103(0-5) (the "IHRA"). Defendants deny these allegations. The Parties desire to resolve this litigation by agreement without further proceedings.

3. Open Communities is a HUD-designated fair housing enforcement organization, available for community members who experience discrimination, in response to which Open Communities conducts its own systemic investigations into impermissible advertisements, rental processes and service provider patterns of discrimination. Open Communities offers Housing Counseling Services in Northern Illinois, employing three certified HUD counseling staff. Open Communities' housing counseling programs include individual counseling and education, renter assistance, homebuyer programs, and foreclosure mitigation counseling. Open Communities' mission includes advocating for the housing rights of communities of color, engaging in housing counseling, outreach and education, advocacy, fair housing investigations based on race discrimination, source of income and other protected classes, and enforcement of legal protections in housing, and other activities relating to promoting civil rights and encouraging integration in housing in the North and Northwest suburbs of Chicago.

4. The Parties agree that the United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over this case conferred by 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 3614(a), and has jurisdiction over this Decree and its enforcement.

**RELEASE OF CLAIMS AND COVENANT NOT TO SUE**

5. Upon entry of this Decree, the Plaintiffs are deemed by this Decree to irrevocably and unconditionally release, waive and discharge the Defendants, as well as any and all of their

2

past, present and future parent entities, subsidiaries, divisions, predecessors, successors, assigns, partners, officers, directors, affiliates, related entities and those with common ownership and/or common control, members of the Board of Directors (past and present), members, administrators, executors, trustees, personal representatives, beneficiaries, trustees, managers, stockholders, employees, insurers, agents, representatives, and attorneys, and all persons acting by, through, under, or in concert with them, or any of them (collectively, the "Released Parties"), from any and all actions, causes of action, suits, claims, debts, obligations, demands, liabilities, rights, damages, losses, costs, and expenses (including, but not limited to, attorneys' fees and costs actually incurred), whether known or unknown, suspected or unsuspected, fixed or contingent, liquidated or unliquidated, legal or equitable, that the Plaintiffs may now have, or have ever had, as of the date of entry of this Decree, relating to, based on, or arising out of the facts and circumstances alleged in the Complaint filed in this Litigation with the exception of any action claiming breach of, or to enforce the terms of, this Decree, and hereby specifically waive and release all such claims, including but not limited to, those arising under the FHA, the IHRA, and/or any and all state or local statutes, ordinances, or regulations that provide protections similar to those statutes. This release is final and shall survive the expiration of the Decree's term.

6.      Plaintiffs hereby covenant and represent that, except for the Complaint, they have not brought and will not bring any legal, equitable, or administrative action against the Defendants in connection with the matters being hereby released. By its signatures below, Plaintiffs hereby represent and warrant that they have the full authority of the Plaintiffs to make the releases in this section and irrevocably agree to the other terms and conditions of this Decree.  Nothing herein shall be construed to preclude any action claiming breach of or to enforce the terms of this Decree.

## **INJUNCTIVE RELIEF**

7. The Harbor Group Defendants agree not to deny housing voucher applicants housing based solely on their source of income.

8. The Harbor Group Defendants shall provide a written report to Open Communities on a semi-annual basis, which will contain the following data: (i) the number of known voucher applicants to multi-family residential properties managed by the Harbor Group Defendants listed in Appendix A to Plaintiffs' Complaint and located in the states of California, Colorado, Illinois, Massachusetts, Maryland, New Jersey, New York, Virginia and Washington; and (ii) a summary of the reasons for any denials of those known voucher applicants. Open Communities and the Harbor Group Defendants will meet and confer within sixty days of receipt of each report regarding any potential FHA issues identified through this reporting to further discuss the Harbor Group Defendants facilitating voucher holders in the process of obtaining housing.

9. Open Communities will review the Harbor Group Defendants' and the PERQ Defendants' non-discrimination policies and procedures, educational/training policies, procedures, and materials relating to fair housing, specifically to include policies and procedures concerning housing choice vouchers/income support. Open Communities will suggest any potential revisions or modifications relating to the Harbor Group Defendants' and/or the PERQ Defendants' policies, procedures, and/or materials concerning fair housing. Open Communities, the Harbor Group Defendants and the PERQ Defendants will confer, discuss and attempt to agree on any additional policies, procedures, materials, supplemental trainings and/or modified language to enhance the Harbor Group Defendants' and/or the PERQ Defendants' current education/training concerning fair housing.

10. The Harbor Group Defendants and the PERQ Defendants agree to use a fair housing training video—either live, recorded, or both—provided or approved by Open Communities, for

4

the purpose of providing fair housing training for employees involved in making tenancy decisions. To the extent Open Communities produces a fair housing training video of its own for these purposes, the Harbor Group Defendants and the PERQ Defendants will compensate Open Communities at its established billing rates for reasonable time spent preparing for and giving/recording the training session.

11. Open Communities will review AI communications provided by the PERQ Defendants' software relating to the use of housing choice vouchers and/or other forms of income support. Open Communities will work with the Harbor Group Defendants and the PERQ Defendants to craft appropriate AI-produced responses to inquiring tenants/prospective tenants regarding housing choice vouchers and/or other forms of income support.

12. Defendants agree not to engage in discriminatory conduct in violation of the FHA, the IHRA, or any similar applicable law, rule, or regulation, including discrimination on the basis of a prospective tenant's source of income or use of housing choice vouchers or race.

13. The Harbor Group Defendants agree that, in connection with the retention of vendors responsible for communicating with tenants and/or prospective tenants, such vendors will be required to provide a written acknowledgement of the Harbor Group Defendants' non-discrimination policy.

14. The PERQ Defendants agree that they will not provide automated AI leasing assistance services to any of its clients that result in Bot responses that violate the FHA by automatically denying housing to housing choice voucher applicants, or in any other manner. The PERQ Defendants will reaffirm their compliance with this provision on a semi-annual basis.

15. The Harbor Group Defendants and the PERQ Defendants will notify Open Communities within thirty (30) days of the filing of any lawsuits, arbitrations, or other litigations against them, in state or federal court in Illinois, alleging violations of the FHA and/or the IHRA.

16. The Parties have, prior to or at the same time as execution of this Consent Decree, entered into a Confidential Settlement Agreement, which sets forth other terms and consideration agreed to by the Parties, including fees/costs and money damages.

## EFFECTIVE DATE

17. The Effective Date of this Decree is the date it is fully executed by the Parties. Plaintiffs will facilitate filing a Joint Motion for Entry of Consent Decree, in the form annexed hereto as Exhibit A, within 5 days of Defendants' payment pursuant to the terms of the Confidential Settlement Agreement.

## DURATION OF DECREE

18. The terms of this Decree shall remain in effect for a period of two years from the Effective Date.

19. During the duration of this Consent Decree, the Court shall retain jurisdiction over this matter and the Parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate its purposes.

## FURTHER PROVISIONS

20. This Decree is for settlement purposes only and does not constitute an admission by Defendants of any of the allegations contained in the Complaint or any other pleading or

document in this Litigation. Defendants are settling this matter solely to avoid the cost of additional litigation.

21. All deadlines and dates for performance by Parties under this Decree may be extended or modified by written agreement between Plaintiffs and the responsible Defendants, provided that no such extension shall extend the term of this Decree without an order of this Court.

22. The Parties shall endeavor, in good faith, to resolve informally any differences regarding the interpretation of and compliance with this Decree prior to bringing such matters to the Court for resolution.

23. Each person executing this Decree on each Party's behalf represents and warrants that he or she has the authority to sign on behalf of the respective Party for which he or she is signing and to bind each such Party to the terms of this Agreement.

24. All notices required or permitted under this Decree shall be in writing by (a) electronic mail, deemed delivered upon written confirmation of receipt, (b) overnight delivery using a nationally recognized carrier, deemed delivered one business day after deposit with such carrier, or (c) personally delivered, deemed delivered upon personal receipt.

25. This Decree shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors, and assigns.

26. A Party's address may be changed by written notice to all other Parties, deemed effective upon receipt as provided above.

27. All notices under this Decree shall be to the addresses set forth below:

To Plaintiffs:

> Kelly K. Lambert
> Soule, Bradtke & Lambert
> 402 Campbell Street, Suite 100
> Geneva, IL 60134

With a copy to:

    Cheryl L. Lawrence, CEO
    Open Communities
    1740 Ridge Ave. Suite 117
    Evanston IL 60201

To the Harbor Group Defendants:

    c/o Harbor Group International, LLC
    51 West 52nd Street, 19th Floor
    New York, NY 10019
    Attn: Christopher R. Gruszczynski
    Email: cgruszczynski@harborg.com

With a copy to:

    Joshua N. Paul, Esq.
    Kasowitz Benson Torres LLP
    1633 Broadway
    New York, New York 10019
    jpaul@kasowitz.com

To the Azure Defendants:

    Azure Partners, LLC
    900 Third Ave.
    22nd Floor, Suite 2200
    New York, New York 10022

With a copy to:

    Joshua N. Paul, Esq.
    Kasowitz Benson Torres LLP
    1633 Broadway
    New York, New York 10019
    jpaul@kasowitz.com

To the PERQ Defendants:

>Perq Multifamily Software, LLC
>5868 E. 71st Street
>Suite E-672
>Indianapolis, IN 46220

With a copy to:

>Josh F. Brown, Esq.
>Taft Stettinius & Hollister LLP
>One Indiana Square, Suite 3500
>Indianapolis, Indiana 46204-2023
>JBrown@taftlaw.com

<div style="display: flex;">
<div>

SOULE, BRADTKE & LAMBERT
James G. Bradtke
(jbradtke@sbllegal.com)
Kelly K. Lambert
(klambert@sbllegal.com)
Jennifer K. Soule
(jsoule@sbllegal.com)
402 Campbell Street #100
Geneva, IL 60134
(630) 333-9144

 /s/ Kelly K. Lambert
Kelly K. Lambert

*Counsel to plaintiffs Open Communities and Elizabeth Richardson*

</div>
<div>

KASOWITZ BENSON TORRES LLP
Marc E. Kasowitz *pro hac vice*
(mekcourtnotices@kasowitz.com)
Jessica T. Rosenberg *pro hac vice*
(jrosenberg@kasowitz.com)
Joshua N. Paul *pro hac vice*
(jpaul@kasowitz.com)
1633 Broadway
New York, NY 10019
(212) 506-1700

 /s/ Joshua N. Paul
Joshua N. Paul

*Counsel to defendants Harbor Group Management Co., LLC, Harbor Group International, LLC, Azure Partners, LLC, Azure Northgate LLC, and Silver Northgate LLC*


TAFT STETTINIUS & HOLLISTER LLP
Jillian S. Cole
(jcole@taftlaw.com)
111 East Wacker Drive, Ste. 2600
Chicago, IL 60601
(312) 527-4000
Manuel Herceg
(MHerceg@taftlaw.com)
Josh F. Brown *pro hac vice*
(JBrown@taftlaw.com)
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
(317)-713-3500


 /s/ Manuel Herceg
Manuel Herceg

*Counsel to defendants PERQ Holdings, LLC, PERQ Software, LLC, and PERQ Marketing, LLC*

</div>
</div>

Dated: January 18, 2024

10

IT IS SO ORDERED THIS  23  DAY OF  January , 2024

_____
JUDGE SARA L. ELLIS
UNITED STATES DISTRICT COURT JUDGE